**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DONALD NEEDHAM

      Plaintiff,

          v.

BUTLER COUNTY JAIL, et al.,

      Defendants.

Case No. 1:19-cv-00294

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Mason, Ohio, brings this action pro se pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis*.

**I.      General Screening Authority Under 28 U.S.C. § 1915**

Plaintiff's complaint is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is

1

immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

## II. Analysis

On the face of his complaint, Plaintiff brings this action exclusively against the Butler County Jail. Plaintiff alleges that while in the Butler County Jail on unspecified

dates, he had an anxiety attack and passed out after being denied medication, and hit his head on the toilet.   He alleges that he was not treated for that injury.   (Doc. 1-2 at 3).   He further alleges that he fell down a set of stairs while in medical "due to denied treatment and bad policies." (*Id.*)   He alleges he was placed on suicide watch "still dening [sic] the treatment and medical needed after specific request," that he experienced mental health symptoms and was placed in restraints, while being continually denied medical treatment. (*Id.*)   He alleges that he experienced delays or denial of medical treatment for other medical issues (including swollen legs and a blood clot, chest pain, back pain, headaches, passing out, dizziness, hallucinations, delusion, anxiety, mania, depression), and that "guards attacked" him as a "punishment" for his mental health problem. (*Id., see also* Doc. 1-2 at 5-6).   Plaintiff generally alleges that the Defendant Jail violated his Eighth Amendment rights through deliberate indifference to his serious medical needs, in a manner that resulted in a "shock of conscience." (Doc. 1-2 at 5).   He further alleges "unlawful discrimination" in violation of the Americans With Disabilities Act, a "failure to institute adequate policies discipline Jail staff and offices and Jail itself, procedures, state law claim of willful, wanton, reckless and negligent conduct," "cruel and unusual punishment," and "[d]eliberate indifference to unsafe conditions in jail."   (Doc. 1-2 at 7).   Plaintiff includes general allegations of conspiracy in violation of 42 U.S.C. § 1983, 1985, and 1986. (*Id.* at 8).

Plaintiff's complaint is fairly lengthy, consisting of 22 hand-written pages of mostly single-spaced text.   The complaint is nearly devoid of any reference to dates other than a single reference to "April 3" of an unspecified year, presumed to be 2019. (Doc. 1-2 at

9). Plaintiff's allegations are somewhat rambling in nature, and are partially illegible. At one point, Plaintiff explains that his "memory is very foggy from events, all injur[ies] have records will provide but events accurate." (*Id.*).

As noted, the caption of the complaint identifies Butler County Jail as the sole Defendant. However, Plaintiff has not stated an actionable claim against that Defendant, because Butler County Jail is not a legal entity that is capable of being sued. *See, e.g., Watson v. Gill,* 40 Fed. Appx. 88, 89 (6th Cir. 2002) (in affirming the dismissal of a complaint on screening for failure to state an actionable claim under § 1983, the Sixth Circuit held that the county jail was a "department of the county" and "not a legal entity susceptible to suit"); *Hawk v. Richland Cnty. Jail,* No. 1:12-cv-326, 2012 WL 2742550, at * 3 (N.D. Ohio July 9, 2012) ("Neither the County Jail nor the . . . County Sheriff's Department is a legal entity capable of being sued for purposes of § 1983."); *Coffey v. Miami Cnty. Jail,* No. 3:05-cv-383, 2007 WL 316262, at **1-2 (S.D. Ohio Jan. 29, 2007) (holding that the plaintiff had failed to state a claim for relief against the county jail because the jail was "neither a 'person' under § 1983 nor an entity capable of being sued under § 1983"); *see also DiBiase v. Lake Cnty. Detention Facility*, No. 1:12-cv-944, 2012 WL 3061448, at *2 (N.D. Ohio July 26, 2012) (citing cases); *Barnes v. Cuyahoga Cnty. Jail,* No. 1:09-cv-2671, 2010 WL 148136, at * 1 (N.D. Ohio Jan. 12, 2010) (same). Therefore, Plaintiff has failed to state a claim upon which relief may be granted against the primary Defendant identified in the complaint.

Still, construing the complaint liberally, the undersigned notes that buried within the body of the pleading, Plaintiff has listed the following additional "parties" as *potential*

additional Defendants:   Butler County, C.O. Blanton, C.O. Longworth, SRG Nurse [sic, partially illegible], Medical staff, Sheriff, and "[t]hose who withhold or conspired to prevent services and rights provided by constitution," and "[w]ho are employees of a public entity, and other agents employees of state or USA federal."   (Doc. 1-2 at 6).   Having reviewed the entirety of the complaint, the undersigned concludes that most claims and nearly all these named and unnamed potential or actual Defendants should be dismissed, with the exception of Plaintiff's Eighth Amendment allegations against Butler County Correctional Officers Blanton and Longworth.

Plaintiff's cursory references to the Americans With Disabilities Act and to civil "conspiracy" are too conclusory to state any cognizable claim, as are his references to 42 U.S.C. §§ 1985 and 1986.   (*See, e.g.*, Doc. 1-2 at 7; *id.* at 8).

Plaintiff also cites to 42 U.S.C. § 1983, which provides a firmer foundation for recovery for any violations of Plaintiff's Eighth Amendment rights.   However, notwithstanding Plaintiff's inclusion of a brief reference to Butler County as a potential Defendant, none of his myriad allegations point to any specific basis for liability against the County, and the cursory reference is too conclusory to state any viable claim.

The undersigned also is unable to locate any specific references to any actions taken by the Butler County Sheriff, which individual Plaintiff appears to have attempted to name solely in his supervisory capacity. It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g., Wingo v. Tennessee Dep't of Corr.,* 499 Fed. Appx. 453, 455 (6th Cir.2012) (per curiam) (citing *Polk Cnty. v. Dodson,* 454 U.S. 312, 325, 102

S.Ct. 445 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, ... or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee,* 697 F.2d 121, 128 (6th Cir.1982), and *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984). In the instant case, plaintiff has made no such allegation against the Sheriff. Therefore, he has "failed to state a plausible claim" against the Sheriff.

Additionally, despite Plaintiff's many allegations referring to a general lack of adequate treatment for a long list of alleged physical and mental ailments, he fails to specifically identify dates or specific actions/inactions by any particular individual among the medical staff that would give rise to a possible Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs. Many of Plaintiff's allegations imply, at most, claims that would sound in negligence. In general, mere negligence in diagnosing or treating a prisoner's medical condition does not implicate Eighth Amendment concerns. *See Farmer v. Brennan,* 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (citing *Estelle v. Gamble,* 429 U.S. 97, 104–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Moreover, it is worth noting that allegations pertaining to Plaintiff's medical care are replete with facial inconsistencies. For example, Plaintiff generally alleges that he was denied <u>all</u> medical treatment, and simultaneously complains that the treatment that was provided was inadequate (again, without identifying any particular individual(s) who took action or failed to take action).

Construing Plaintiff's allegations liberally, the undersigned concludes that the only

6

*possible* claim against a potential Defendant, as identified within the body of the complaint, is Plaintiff's Eighth Amendment claim against Officer Blanton, who is one of only two individuals that Plaintiff identifies by name. (See Doc. 1-2 at 17, ¶¶ 29-31). Plaintiff appears to allege that, on an unspecified date, Blanton verbally threatened Plaintiff and then reacted to Plaintiff:

> 29. From [illegible] I know the [illegible] was [illegible]… I could only kick for a moment at time [illegible] of [illegible] I'd try to explain I'd say sorry and beg for help.

> 30. A few days later Officer Blanton told me if I did not stop he would beat my ass, and SRG Nurse said [illegible] I tried not to I just wanted help.

> 31. I kicked on the door Officer Blanton told me to sit down as always hands to side always relax when came in to be put in chair this time he charged me, pushing me up and slamming onto the ground. (Directly on [illegible] by shoulders lift me up, on the ground he slammed front of my head into floor several times [illegible] up Longworth was hurt by cuffs on hand and had to see paramedic, I remember them standing over me or something asked me what happen I said I guess I slipped and fell I now and know [illegible].

(Doc. 1-2 at 17, ¶31).

Under the liberal pleading standards applied to *pro se* pleadings, as well as the extremely low threshold under 28 U.S.C. § 1915(e) that the Court uses to screen cases at this preliminary stage, the undersigned construes the referenced allegations as stating an Eighth Amendment claim involving the excessive use of force on an unknown date by Butler County Jail Correctional Officer Blanton. However, it is does not appear from the legible portion and context that Plaintiff has included sufficient factual content to state any similar claim against Officer Longworth.

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT:**

But for Plaintiff's Eighth Amendment claim for the excessive use of force, as construed against Butler County Jail Correctional Officer Blanton, all other claims and all Defendants, including but not limited to the Butler County Jail, should be **DISMISSED** for failure to state any claim upon which relief may be granted under 42 U.S.C. § 1983.   *See* 28 U.S.C. § 1915(e)(2)(B).   A separate Order has been entered directing service of the complaint on newly identified Defendant Officer Blanton.


                                         *s/ Stephanie K. Bowman*
                                         Stephanie K. Bowman
                                         United States Magistrate Judge

8

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DONALD NEEDHAM

     Plaintiff,

         v.

BUTLER COUNTY JAIL, et al.,

     Defendants.

Case No. 1:19-cv-00294

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9