**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DONALD NEEDHAM

    Plaintiff,

    v.

BUTLER COUNTY JAIL, et al.,

    Defendants.

Case No. 1:19-cv-00294

Barrett, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

Pursuant to local practice, this pro se civil rights case, filed by a former prisoner challenging his prior conditions of confinement at the Butler County Jail, has been referred to the undersigned magistrate judge. Since filing his complaint in May, Plaintiff has proceeded to inundate this Court with a flurry of motions; eleven such motions are addressed by this Order.

**I.    Background**

On April 23, 2019, Plaintiff filed an application seeking to proceed *in forma pauperis* along with a copy of his pro se civil rights complaint, which alleges a violation of his constitutional rights during his prior incarceration in the Butler County Jail. In a Report and Recommendation ("R&R") filed on May 9, 2019 and adopted on June 4, 2019, the undersigned recommended the dismissal of the lone defendant initially identified by Plaintiff, the Butler County Jail itself. (*See* Docs. 4, 6). However, the same R&R liberally construed Plaintiff's allegations to assert a claim against an additional Defendant, Butler County Jail Correctional Officer Blanton, for the excessive use of force

1

on an unknown date during Plaintiff's incarceration.

After receiving the R&R recommending the dismissal of most allegations and claims, Plaintiff attempted to file a new lawsuit in this Court in order to correct the perceived deficiencies. Plaintiff's new case set forth essentially identical claims against Richard K. Jones, identified as the Sheriff of Butler County Jail, and against Curt New, identified as the Administrator of the Jail. See *Needham v. Richard K. Jones, et al.*, Case No. 1:19-cv-368-MRB-KLL. On June 12, 2019, Magistrate Judge Karen Litkovitz recommended that the new case be dismissed with prejudice as entirely duplicative of the above-captioned case. The Court agreed, and Case No. 1:19-cv-368-MRB-KLL was dismissed and closed on June 28, 2019.

On July 26, 2019, counsel entered their appearance on behalf of Defendant Blanton in the above-captioned case, and on August 14, 2019, Defendant Blanton filed his answer. (Doc. 22). By that time, Plaintiff already had filed ten separate motions, many of which seek leave to amend his complaint in order to correct the same perceived deficiencies that Plaintiff had attempted to correct in Case No. 1:19-v-368-MRB-KLL. In the interests of judicial economy, this Order attempts to address all pending motions, including a recently filed eleventh motion. Because the rulings are procedural and not dispositive, no R&R is necessary.

## II. Analysis

### A. <u>Conditional</u> Grant of Six Related Motions Seeking Amendment

On June 14, 2019, Plaintiff filed the first of five motions to amend his complaint, seeking leave to amend to add Richard K. Jones, identified as the Sheriff of Butler County

2

Jail, in lieu of naming the Jail itself as a defendant. (Doc. 7)

On June 20, 2019, Plaintiff filed a separate motion seeking additional time "to fix/amend his complaint," citing various health conditions.[1] (Doc. 8). On the same date, Plaintiff filed a second motion to amend or correct his complaint in order to identify the precise dates of his incarceration in the Butler County Jail as beginning on April 4, 2017 and ending on May 19, 2017. (Doc. 9).

On June 25, 2019, Plaintiff filed a third motion to amend to add Curt New as a Defendant, alleging that Mr. New is "head of medical" for Butler County Jail. (Doc. 13). On the same date, Plaintiff filed a fourth motion to amend his complaint, this time (apparently) in order to supplement his claim for deliberate indifference to his alleged need for medical treatment during his incarceration at the Jail. (Doc. 14). The fourth motion to amend/correct includes multiple numeric references to page and line numbers of the original complaint, without restating the referenced allegations.

On July 17, 2019, Plaintiff filed a fifth motion to amend or correct his complaint (Doc. 17). The fifth motion seeks to add allegations against Defendant Blanton concerning Plaintiff's existing Eighth Amendment claim, which Plaintiff identifies as having occurred on or around May 13, 2017.

Although leave to amend must be freely given when justice so requires, *see* Rule 15(a)(2), a Court need not permit a plaintiff to make unlimited amendments in hopes of eventually stating some form of claim. In addition, applicable civil rules of procedure require a party who seeks to amend his complaint to include a copy of the complaint with

---

[1] The record includes references to significant mental health issues, along with a brain injury and other physical impairments.

the motion seeking leave to amend, so that the Court may better evaluate the propriety of amendment. Here, Plaintiff has filed five separate motions seeking leave to amend, but has failed to tender a complete copy of any proposed amended complaint.[2]

As presented, the various motions present a jumbled assortment of revisions that are difficult, if not impossible, for this Court (or any defendant) to piece together in a coherent fashion. Considering the interests of justice, including the interests of the parties, the public, and this Court, the undersigned will only <u>conditionally</u> grant Plaintiff's motions to amend. In order to permit any defendant(s) and this Court to evaluate the propriety of the proposed amendment(s) both under Rule 8, Fed. R. Civ. P., and under 28 U.S.C. § 1915(e)(2)(B),[3] Plaintiff will be required to file a single document that shall be docketed as a First Amended Complaint. To further assist Plaintiff, the Court will direct the Clerk of Court to supply Plaintiff with an additional blank complaint form.

Plaintiff should incorporate into his First Amended Complaint all amendments sought in his separately filed motions. The First Amended Complaint should not include any numeric references to line or page numbers of the original complaint, but instead should be limited to a "short and plain statement" of all claims. *See* Rule 8(a)(2), Fed. R. Civ. P. All allegations in Plaintiff's amended complaint must be "simple, concise, and direct," *see* Rule 8(d)(1), and should not exceed twenty (20) pages. Plaintiff shall number all paragraphs, as he did in his original complaint. (Doc. 3).

As to Plaintiff's motion for additional time in which to file his amended complaint,

---

[2] At best, Plaintiff's fourth motion could be viewed as equal parts motion and proposed amendment.
[3] This Court remains statutorily bound to screen any proposed amended complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

4

the undersigned will conditionally grant that motion by setting a reasonable deadline by which the amended complaint must be filed. However, Plaintiff is forewarned that his pro se status and professed health conditions do not relieve him of his obligation to fully comply with applicable rules of civil procedure and with the Orders of this Court, including scheduling deadlines.

### B. Five Miscellaneous Motions Granted in Part and Denied in Part

Plaintiff has filed five motions unrelated to the amendment of his complaint. The first three motions are legally without merit and will be denied. However, the Court will grant two motions that relate to electronic filing privileges.

On the same June 25, 2019 date on which he filed four other motions, Plaintiff filed a motion to "Preserve Evidence," seeking an Order from this Court "to ensure that defendants do not destroy or alter documents." (Doc. 12). Plaintiff cites the Manual for Complex Litigation, which does not apply to this case, along with other irrelevant and/or inapplicable authority. Plaintiff's motion will be denied because it is legally without basis and frivolous. There is no suggestion in the record that Defendant Blanton, the sole Defendant identified in the only complaint filed to date, has engaged in the destruction of evidence – or indeed, that Plaintiff has begun the process of discovery, considering that discovery commenced only recently, on August 14, 2019.

On July 12, 2019, Plaintiff filed a "motion to stop harassment" seeking an order from this Court to stop "harassment" from the Butler County Jail and officers. (Doc. 16). This motion also will be denied as legally baseless, and because it appears to be delusional in nature. The motion appears to be addressing computer issues encountered by Plaintiff

5

which he believes are the result of some form of harassment. In addition to an improperly filed USB that the undersigned declines to review, Plaintiff has attached as exhibits part of a docket sheet from a state court criminal proceeding against Plaintiff and a Mason Police Department Incident Report. The referenced docket sheet includes highlighted entries relating to a competency hearing, including an entry and order finding Plaintiff to be incompetent to proceed on February 8, 2018. (Doc. 16). In the City of Mason Police Department Incident Report, dated April 12, 2019, Police Officer Patrick Witte noted Plaintiff's "concerns with his inability to log into various online accounts," and that Plaintiff "seemed delusional and paranoid" and "had a difficult time answering basic questions and understanding commonly used words." (Doc. 16 at 6). To the extent the exhibits are relevant, they do not support the requested relief.

On August 19, 2019, Plaintiff filed a "motion to inquiry on Report [and] Recommendation received by mail mostly just questions." (Doc. 24). As suggested by its caption, this "motion" is comprised of little more than a list of questions seeking clarification of the undersigned's previously filed R&R. While the Court regrets that Plaintiff remains "confused" about prior rulings, this Court cannot and will not provide legal advice or further explanation beyond that contained in the R&R and/or other rulings. This motion also will be denied as procedurally improper and as legally without merit.

Two of Plaintiff's motions pertain to his request for electronic filing rights, a privilege occasionally granted by this Court to non-attorney pro se litigants. Plaintiff states that he has access to a PACER account and has the ability to comply with Local Rules and the format for the ECF system as set forth in the most current edition of the ECF Policies and

Procedures Manual. (Doc. 10). In a closely related motion, Plaintiff seeks to receive service exclusively by email through the electronic case filing system at the email address of [PROPLANSELITE@gmail.com](mailto:PROPLANSELITE@gmail.com). (Doc. 11).

Frankly, the undersigned is hesitant to grant Plaintiff ecf filing privileges in light of his conduct to date; specifically, the filing of so many procedurally improper or legally frivolous motions, as discussed above. Plaintiff also filed a frivolous and procedurally improper duplicative lawsuit. *See* Case No. 1:19-cv-368. Based on this litigation history, the Court will grant Plaintiff's motions on a trial basis only. The undersigned forewarns Plaintiff that the filing of additional procedurally improper or legally unsupported motions is highly likely to result in the swift revocation of privileges, and could result in additional sanctions should his motion practice be determined to be vexatious.

### III. Conclusion and Order

Accordingly, **IT IS ORDERED**:

1. Plaintiff's construed motion to extend time in which to submit a First Amended Complaint (Doc. 8) is **GRANTED in part**, so long as the First Amended Complaint complies with paragraph 2 of this Order and is filed not later than **September 13, 2019**;

2. In order to assist Plaintiff, the Clerk of Court shall mail to Plaintiff a copy of a blank version of the same complaint form on which Plaintiff filed his original complaint;

3. Plaintiff's motions to amend his complaint (Docs. 7, 9, 13, 14, 17) are conditionally **GRANTED**, subject to the following:

a. Amendment is limited to the proposed amendments referenced in the five motions to amend;

b. To the extent that Plaintiff intends to add new Defendants other than the existing Defendant Blanton, he must include additional summons and United States Marshal forms;

c. Plaintiff shall file his First Amended Complaint on the same form on which he filed his original complaint. The First Amended Complaint must include numbered paragraphs and shall not exceed twenty (20) pages in length;

d. This Court will rescreen the First Amended Complaint if/when it is timely filed, pursuant to 28 U.S.C. § 1915(e);

4. Plaintiff's motions seeking to participate in the ecf filing system, and to receive service through the same system at the email address of [PROPLANSELITE@gmail.com](mailto:PROPLANSELITE@gmail.com), (Docs. 10, 11) are **GRANTED** on a trial basis, subject to revocation should Plaintiff continue to file inappropriate or legally frivolous motions;

5. Plaintiff's motions to "preserve evidence," to stop harassment, and "to inquiry on Report [and] Recommendation" (Docs. 12, 16, 24) are **DENIED** as procedurally inappropriate and/or legally frivolous;

6. Plaintiff shall inform the Court promptly of any changes in his address, phone number or email address which may occur during the pendency of this lawsuit.

                                            *s/ Stephanie K. Bowman*
                                            Stephanie K. Bowman
                                            United States Magistrate Judge