**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DONALD NEEDHAM

    Plaintiff,

v.

BUTLER COUNTY JAIL, et al.,

    Defendants.

Case No. 1:19-cv-294

Barrett, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

Pursuant to local practice, this pro se civil rights case, filed by a former prisoner challenging his prior conditions of confinement at the Butler County Jail, has been referred to the undersigned magistrate judge. Since filing his complaint in May, Plaintiff has proceeded to inundate this Court with a flurry of motions; eleven motions were addressed in the undersigned's last Order dated August 26, 2019. (Doc. 25).

Since the Court's last Order, Plaintiff has filed three additional motions, and Defendant Blanton has filed a motion to strike one of Plaintiff's (non-motion) filings. This Order will address two of the four pending motions; the remaining two will be addressed by separate order following the expiration of response time.

**I.    Background**

On April 23, 2019, Plaintiff filed an application seeking to proceed *in forma pauperis* along with a copy of his pro se civil rights complaint, which alleges a violation of his constitutional rights during his prior incarceration in the Butler County Jail. In a Report and Recommendation ("R&R") filed on May 9, 2019 and adopted on June 4, 2019, the

1

undersigned recommended the dismissal of the lone defendant initially identified by Plaintiff, the Butler County Jail itself. (*See* Docs. 4, 6). However, the same R&R liberally construed Plaintiff's allegations to assert a claim against an additional Defendant, Butler County Jail Correctional Officer Blanton, for the excessive use of force on an unknown date during Plaintiff's incarceration.

After receiving the R&R recommending the dismissal of most allegations and claims, Plaintiff attempted to file a new lawsuit in this Court in order to correct the perceived deficiencies. Plaintiff's new case set forth essentially identical claims against Richard K. Jones, identified as the Sheriff of Butler County Jail, and against Curt New, identified as the Administrator of the Jail. See *Needham v. Richard K. Jones, et al.*, Case No. 1:19-cv-368-MRB-KLL. On June 12, 2019, Magistrate Judge Karen Litkovitz recommended that the new case be dismissed with prejudice as entirely duplicative of the above-captioned case. The Court agreed, and Case No. 1:19-cv-368-MRB-KLL was dismissed and closed on June 28, 2019.

On July 26, 2019, counsel entered their appearance on behalf of Defendant Blanton in the above-captioned case, and on August 14, 2019, Defendant Blanton filed his answer. (Doc. 22). By that time, Plaintiff already had filed multiple motions, many of which sought leave to amend his complaint in order to correct the same perceived deficiencies that Plaintiff had attempted to correct in Case No. 1:19-v-368-MRB-KLL.

As stated, the Court's last Order addressed eleven of Plaintiff's motions, including six that either directly requested leave to amend his complaint, or closely related to amendment. The Court's last order "conditionally" granted those six motions, after noting

2

that they presented a "jumbled assortment of revisions [to the complaint] that are difficult, if not impossible, for this Court (or any defendant) to piece together in a coherent fashion." (Doc. 25 at 4).[1] Despite allowing further amendment, the undersigned set out strict parameters for the proposed amendment(s):

> In order to permit any defendant(s) and this Court to evaluate the propriety of the proposed amendment(s) both under Rule 8, Fed. R. Civ. P., and under 28 U.S.C. § 1915(e)(2)(B), Plaintiff will be required to file a single document that shall be docketed as a First Amended Complaint. To further assist Plaintiff, the Court will direct the Clerk of Court to supply Plaintiff with an additional blank complaint form.
>
> Plaintiff should incorporate into his First Amended Complaint all amendments sought in his separately filed motions. The First Amended Complaint should not include any numeric references to line or page numbers of the original complaint, but instead should be limited to a "short and plain statement" of all claims. *See* Rule 8(a)(2), Fed. R. Civ. P. All allegations in Plaintiff's amended complaint must be "simple, concise, and direct," *see* Rule 8(d)(1), and should not exceed twenty (20) pages. Plaintiff shall number all paragraphs, as he did in his original complaint. (Doc. 3).
>
> As to Plaintiff's motion for additional time in which to file his amended complaint, the undersigned will conditionally grant that motion by setting a reasonable deadline by which the amended complaint must be filed. However, Plaintiff is forewarned that his pro se status and professed health conditions do not relieve him of his obligation to fully comply with applicable rules of civil procedure and with the Orders of this Court, including scheduling deadlines.

(Doc. 25 at 4-5) (footnotes omitted).

In the same Order, the undersigned granted "on a trial basis" Plaintiff's request to use the ecf (electronic case filing) and PACER (public access to court electronic records) systems, in order to file his motions and documents electronically. In granting electronic

---

[1] The prior order noted that the record contains several references to Plaintiff's significant mental health issues, along with a brain injury and other physical impairments. (Doc. 26 at 3, n.1). In the same Order, the Court denied one of Plaintiff's myriad motions, captioned as a motion to stop harassment, as "legally baseless, and because it appears to be delusional in nature." (*Id.* at 5).

filing privileges to Plaintiff, the Court strongly cautioned him that his privileges would be revoked if he were unwilling or unable to comply with the rules of this Court:

> Two of Plaintiff's motions pertain to his request for electronic filing rights, a privilege occasionally granted by this Court to non-attorney pro se litigants. Plaintiff states that he has access to a PACER account and has the ability to comply with Local Rules and the format for the ECF system as set forth in the most current edition of the ECF Policies and 7 Procedures Manual. (Doc. 10). In a closely related motion, Plaintiff seeks to receive service exclusively by email through the electronic case filing system at the email address of PROPLANSELITE@gmail.com. (Doc. 11).
>
> Frankly, the undersigned is hesitant to grant Plaintiff ecf filing privileges in light of his conduct to date; specifically, the filing of so many procedurally improper or legally frivolous motions, as discussed above. Plaintiff also filed a frivolous and procedurally improper duplicative lawsuit. See Case No. 1:19-cv-368. Based on this litigation history, the Court will grant Plaintiff's motions on a trial basis only. The undersigned forewarns Plaintiff that the filing of additional procedurally improper or legally unsupported motions is highly likely to result in the swift revocation of privileges, and could result in additional sanctions should his motion practice be determined to be vexatious.

(Doc. 25 at 7).

## II.     Analysis

Less than 24 hours after the Court filed its last Order, Plaintiff filed yet another motion, construed and docketed as seeking leave to amend his complaint. (Doc. 27). In the August 27, 2019 motion, Plaintiff again seeks leave to add new parties. The August 27 motion appears to have "crossed in the mail" with the Court's August 26 Order. For all of the reasons expressed in that order, the motion is procedurally improper. It is also now moot in light of the clear instructions that conditionally granted Plaintiff's prior six motions seeking amendment.

On the same date, Plaintiff filed what he captioned as an "answer" to the Defendant,

(Doc. 26). The latter document appears to be an attempt to file a response to Defendant Blanton's answer. However, the Federal Rules of Civil Procedure do not provide for any responsive pleading to an answer. Therefore, Defendant Blanton has moved to strike Plaintiff's purported "answer" as procedurally improper.

Despite the procedural impropriety of Plaintiff's "answer," the undersigned declines to strike it at this time. As a matter of general practice and for reasons of judicial economy, the undersigned will very rarely strike documents from the record. Instead, procedurally improper motions are most often denied. But if the procedurally improper document (like Plaintiff's "answer" here) is not a motion and does not otherwise require judicial action, the Court often will take no action in order to conserve judicial resources and leave the record complete for the benefit of any reviewing court.

### III. Conclusion and Order

Accordingly, **IT IS ORDERED**:

1. Plaintiff's latest motion seeking leave to amend (Doc. 27) is **DENIED** as procedurally improper and as moot in light of the conditional grant of the prior six motions to amend set forth in the Court's August 26 Order;

2. Defendant's motion to strike (Doc. 28) Plaintiff's unauthorized and procedurally improper "answer" is **DENIED** for the reasons stated, with the Court to take no further action on the referenced document filed by Plaintiff;

3. Plaintiff is again strongly cautioned that the filing of additional procedurally improper or legally unsupported motions is highly likely to result in the swift revocation of privileges, and could result in additional sanctions should his

5

motion practice be determined to be vexatious

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge