**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DONALD NEEDHAM

  Plaintiff,

     v.

BUTLER COUNTY JAIL, et al.,

  Defendants.

Case No. 1:19-cv-294

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Pursuant to local practice, this pro se civil rights case, filed by a former prisoner

challenging his prior conditions of confinement at the Butler County Jail, has been referred

to the undersigned magistrate judge. An amended complaint conditionally authorized by

this Court on August 26, 2019 is now before the undersigned for review.   For the reasons

that follow, the undersigned recommends striking that amended complaint *sua sponte*.[1]

### I.  Background

On April 23, 2019, Plaintiff filed an application seeking to proceed *in forma pauperis*

along with a copy of his pro se civil rights complaint, which alleges a violation of his

constitutional rights during his prior incarceration in the Butler County Jail.   In a Report

and Recommendation ("R&R") filed on May 9, 2019 and adopted on June 4, 2019, the

undersigned recommended the dismissal of the <u>sole</u> defendant initially identified by

---

[1] In a prior order, the undersigned denied Defendant Blanton's motion to strike Plaintiff's "answer" to Defendant's answer, despite the fact that no such pleading is authorized by the Federal Rules of Civil Procedure.   The undersigned noted that the undersigned will very rarely strike documents from the record. The striking of the amended complaint presents one of those rare instances in which striking the document is necessary to prevent confusion concerning the operative pleading.

Plaintiff, the Butler County Jail. (*See* Docs. 4, 6). Based upon the dismissal of the only clearly identified Defendant, this Court could have dismissed the initial complaint in its entirety. Instead, however, the undersigned liberally construed Plaintiff's allegations to assert a claim against what the Court described as a "potential" additional Defendant, Butler County Jail Correctional Officer Blanton, for the excessive use of force on an unknown date during Plaintiff's incarceration:

> [T]he caption of the complaint identifies Butler County Jail as the sole Defendant. However, Plaintiff has not stated an actionable claim against that Defendant, because Butler County Jail is not a legal entity that is capable of being sued….
>
> Still, construing the complaint liberally, the undersigned notes that buried with in the body of the pleading, Plaintiff has listed the following additional "parties" as potential additional Defendants: Butler county, C.O. Blanton, C.O. Longworth, SRG Nurse…, Medical staff, Sheriff, and "[t]hose who withhold or conspired to prevent services and rights provided by constitution," and "[w]ho are employees of a public entity and other agents employees of state or USA federal."

(Doc. 4 at 4-5, quoting Complaint at 6). The undersigned concluded that "the only *possible* claim against a potential Defendant, as identified within the body of the complaint, is Plaintiff's Eighth Amendment claim against Officer Blanton, who is one of only two individuals that Plaintiff identifies by name." (Doc. 4 at 6-7, emphasis original). Despite the fact that Plaintiff's claims against the only named Defendant (the Jail) were subject to *sua sponte* dismissal and that Blanton was only a "potential" Defendant against whom a "possible" claim had been stated, the Court directed service on Plaintiff's behalf on Officer Blanton. On August 14, 2019, Defendant Blanton filed his answer. (Doc. 22).

After receiving the May 2019 screening R&R, Plaintiff filed a new lawsuit in this Court in an attempt to correct the perceived deficiencies. In his new lawsuit, Plaintiff re-

filed essentially identical claims against Richard K. Jones, identified as the Sheriff of Butler County Jail, and against Curt New, identified as the Administrator of the Jail. See *Needham v. Richard K. Jones, et al*., Case No. 1:19-cv-368-MRB-KLL. On June 12, 2019, Magistrate Judge Karen Litkovitz recommended that the new case be dismissed with prejudice as entirely duplicative of the above-captioned case. The Court agreed, and Case No. 1:19-cv-368-MRB-KLL was closed on June 28, 2019.

In addition to filing the duplicative lawsuit, Plaintiff inundated the Court with a flurry of motions in the above-captioned case, many of which sought leave to amend the instant complaint to correct the same perceived deficiencies. In a Memorandum Order filed August 26, 2019, the undersigned addressed eleven of Plaintiff's motions, including five motions seeking leave to amend, and a sixth closely related motion to extend time to amend the complaint. The August Order "conditionally" granted all six motions, after noting that they presented a "jumbled assortment of revisions [to the complaint] that are difficult, if not impossible, for this Court (or any defendant) to piece together in a coherent fashion." (Doc. 25 at 4).[2]

Although the Court conditionally granted six motions, the Court warned Plaintiff that "a Court need not permit a plaintiff to make unlimited amendments in hopes of eventually stating some form of claim." (Doc. 25 at 3). The Order therefore set forth strict conditions for the filing of Plaintiff's first amended complaint:

> In order to permit any defendant(s) and this Court to evaluate the propriety of the proposed amendment(s) both under Rule 8, Fed. R. Civ. P., and under

---

[2] The record contains several references to Plaintiff's significant mental health issues, along with a brain injury and other physical impairments. (Doc. 25 at 3, n.1). In fact, this Court previously denied one of Plaintiff's myriad motions, captioned as a motion to stop harassment, as "legally baseless, and because it appears to be delusional in nature." (*Id.* at 5).

28 U.S.C. § 1915(e)(2)(B), Plaintiff will be required to file a single document that shall be docketed as a First Amended Complaint. To further assist Plaintiff, the Court will direct the Clerk of Court to supply Plaintiff with an additional blank complaint form.

Plaintiff should incorporate into his First Amended Complaint all amendments sought in his separately filed motions. The First Amended Complaint should not include any numeric references to line or page numbers of the original complaint, but instead should be limited to a "short and plain statement" of all claims. *See* Rule 8(a)(2), Fed. R. Civ. P. All allegations in Plaintiff's amended complaint must be "simple, concise, and direct," *see* Rule 8(d)(1), and should not exceed twenty (20) pages. Plaintiff shall number all paragraphs, as he did in his original complaint. (Doc. 3).

As to Plaintiff's motion for additional time in which to file his amended complaint, the undersigned will conditionally grant that motion by setting a reasonable deadline by which the amended complaint must be filed. However, Plaintiff is forewarned that his pro se status and professed health conditions do not relieve him of his obligation to fully comply with applicable rules of civil procedure and with the Orders of this Court, including scheduling deadlines.

(Doc. 25 at 4-5) (footnotes omitted)

The Order made clear that any amendment was contingent on compliance with the referenced parameters and was further subject to the Court's obligation to re-screen the amended complaint under 28 U.S.C. §1915(e)(2)(B). Plaintiff filed an "amended complaint" on September 13, 2019 which purported to comply with the August 26, 2019 Order. (Doc. 29).

On September 27, 2019, Plaintiff filed a "motion for Rule 61 relief" seeking to revise or amend again to correct what he asserts are "harmless errors" mistakenly included in that amended complaint. (Docs. 31, 39). Plaintiff's "Rule 61" motion is essentially yet another motion to amend, which Defendant Blanton understandably opposes. (Doc. 37). In addition to seeking "Rule 61 relief," Plaintiff has filed a motion seeking to toll the statute

4

of limitations for his claims. (Doc. 32). Both the Rule 61 motion and the "statute of limitations" motion are addressed below.

On October 4, Plaintiff filed two more non-dispositive motions: (1) seeking an extension of time in which to submit an affidavit of merit in support of the medical negligence claims presented in his first amended complaint, (Doc. 33); and (2) seeking discovery from the Defendant(s). Defendant Blanton has filed a response in opposition to all motions, to which Plaintiff has filed a reply. (Docs. 37, 39). By separate Order filed herewith, the ecf/PACER access previously granted to Plaintiff "on a trial basis" is revoked, due to Plaintiff's unwillingness and/or inability to comply with the rules of this Court, and his non-dispositive motions are denied.

## II.    Analysis

Plaintiff's amended complaint fails to conform to the clearly stated conditions set forth by this Court in its conditional grant of Plaintiff's prior five motions seeking leave to amend his complaint. Therefore, the amended complaint should be stricken, with only Plaintiff's original claims permitted to proceed against Defendant Blanton at this time. Plaintiff's motion for Rule 61 relief, construed as a motion to further amend, should be denied, as should be his motion seeking tolling of the relevant statute of limitations. Solely in the alternative, if fully considered under the screening standards applicable to pro se complaints filed without payment of fees, *see* 28 U.S.C. § 1915(e), the undersigned would recommend dismissal for failure to state any claim against any Defendant other than Defendant Blanton. Thus, for the reasons discussed below, the undersigned recommends that this Court: (1) strike the amended complaint and deny all further amendments to the

complaint at this time; and (2) permit only the Eighth Amendment claims against Officer Blanton to proceed on Plaintiff's original complaint.

### A. Plaintiff's Failure to Comply with the Procedural and Substantive Conditions Set Forth in the August 26, 2019 Order Supports Striking the Amended Complaint

Although the Court supplied Plaintiff with a blank complaint form in order to assist him in filing a First Amended Complaint that would confirm to Rule 8, and explicitly directed Plaintiff to "file his First Amended Complaint on the same form," Plaintiff did not use that form. (*See* Doc. 25 at 8, ¶3(c)). Plaintiff also failed to comply with the explicit condition that his first amended complaint "shall not exceed twenty (20) pages in length." (*Id.*) Instead of using the specified form or complying with the mandatory page limits, Plaintiff typed up his First Amended Complaint as a single-spaced document that includes 22 pages of typed text and an additional 23 pages of exhibits.

The August 2019 Order also directed Plaintiff to "number all paragraphs." Plaintiff <u>partially</u> complied with that directive, but his numbering system is, to say the least, extremely disorganized, chaotic and confusing, consistent with the overall tenor of the amended complaint. Many paragraphs are identified by the same number, (*see* Doc. 29 at 4-6, reflecting ¶25, as well as "¶¶25 A., 25 B., etc.), while other numbers are missing entirely or are out of sequence (*see id.* at 7, going from ¶27B to ¶¶28-29, back to ¶27, then ¶¶30, 31, 32, and 34 (skipping ¶33); *id.* at 8, reflecting numerous identically numbered paragraphs). Approximately half-way through the amended complaint at page 11 and continuing for four more pages, Plaintiff begins anew with paragraphs numbered "1" over a series of pages devoted to various defendants. (*See id.* at 11-15). On page 16, Plaintiff

starts over with a new numbering system in relation to Defendant Blanton. (*Id.* at 16; *see also* Doc. 37 at 2-3, expressing Defendant's concerns with Plaintiff's "next-to-impossible to follow numbering system.").

Of course, Plaintiff's failure to comply with procedural formatting instructions is not the sole error. The amended complaint also fails to comply with the Court's substantive directives, including the requirement that the amended complaint represent a "short and plain statement" of all claims that is "simple, concise, and direct." (*See* Doc. 25 at 4, quoting Rule 8, Fed. R. Civ. P.). Adding to the continuation of a "jumbled assortment of revisions…that are difficult, if not impossible, for this Court (or any defendant) to piece together in a coherent fashion," Plaintiff has filed a "Rule 61" motion seeking leave to further amend. In this latest construed motion to amend, Plaintiff seeks to correct what he describes as seven factual errors included in his amended complaint. (Doc. 31).

Defendant Blanton rightly opposes Plaintiff's attempt to further amend through his "Rule 61" motion, noting that it is "unclear if Plaintiff's motion contains an exhaustive list of all errors within the Amended Complaint or if Plaintiff will identify more later," and that requiring Defendant to investigate and defend against a constantly-evolving 22-page amended complaint is clearly prejudicial, particularly where Plaintiff himself has admitted that the amended complaint contains multiple factual errors. (Doc. 37 at 2). In a reply memorandum, Plaintiff attempts to defend the "assassination of my character." He admits his brain injury impacts his "organization skills badly," but protests that he is doing "the best within my ability" despite being hampered by his various impairments including mental illness, nervous breakdowns, exhaustion, confusion, and brain injury that he blames as

the root cause of the errors. (Doc. 39 at 1-2).

Based on Plaintiff's obvious level of impairment as well as his pro se status, the Court generously granted <u>six</u> separate motions relating to proposed amendments to Plaintiff's complaint. The conditional grant of so many procedurally improper motions seeking amendment is unusual but represents this Court's continued attempt to provide extra leniency to the pro se plaintiff in this case. At the same time, the Court explicitly warned Plaintiff "that his pro se status and professed health conditions do not relieve him of his obligation to fully comply with applicable rules of civil procedure and with the Orders of this Court." (Doc. 25 at 5). At the end of the day, all pro se litigants are required to comply with easily-understood Court orders. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Williams v. PBI Bank*, 2017 U.S. Dist. LEXIS 217762 (W.D. Ken. Feb. 28, 2017). On the record presented, Plaintiff has failed to do so.

In addition to the failure to comply with procedural restrictions and the failure of the amended complaint to conform to Rule 8, the amended complaint does not comply with the August 2019 Order's limitation "to the proposed amendments referenced in the five motions to amend." (Doc. 25 at 8, ¶3(a)). In so limiting the amendment, the Order granted leave to amend Plaintiff's complaint to add <u>no more than two new Defendants</u>: Richard K. Jones, the Sheriff of Butler County Jail, and Curt New as the "head of medical" for the jail. The Order also authorized Plaintiff's proposed inclusion of the dates of his incarceration as beginning on April 4, 2017 and ending on May 19, 2017, and clarification of the date on which the alleged incident with Defendant Blanton occurred as on or around May 13, 2017. (*See* Doc. 25 at 2-3).

Despite the fact that the Order authorized no claims or parties other than those referenced, the First Amended Complaint attempts to add in a host of previously dismissed claims, including claims under the Americans with Disabilities Act and "conspiracy" claims under 42 U.S.C. §§ 1985 and 1986. Plaintiff also has attempted to name two additional Defendants: Tara "Tammia"[3] and Tim Vaughan. Plaintiff's failure to comply with the procedural and substantive pre-conditions for filing the amended complaint as set forth in the August 26, 2019 Order provides grounds for striking the Amended Complaint. Although a minor formatting error by a pro se litigant ordinarily would not be reason to strike a pleading, in this case the formatting errors render the 22-page single-spaced complaint so difficult to follow that it would be impossible to defend. Moreover, the amended complaint attempts to add new substantive claims (including claims previously dismissed on initial screening in the May 9, 2019 R&R) and new defendants that were not authorized by the August 26, 2019 conditional grant of leave to amend.

In recommending that the amended complaint be stricken, the undersigned does not mean to minimize the significant obstacles faced by this particular pro se Plaintiff, or to anyone with impairments such as traumatic brain injury and mental illness. However, the Court has been more than fair, liberally directing service of Plaintiff's original complaint upon an individual identified as only a "potential" Defendant (Blanton) for a "possible" Eighth Amendment claim, despite Plaintiff's failure to clearly identify Blanton as a Defendant in his original complaint.

---

[3] Plaintiff variously identifies this individual as Tara Tammia, Tara Immele, and Tara Tamila. Because the spelling "Tammia" is used in the caption of the amended complaint, the Court will use that spelling in this R&R, despite Plaintiff's suggestion in a recent filing that the correct spelling should be "Immele." (Doc. 39 at 2).

A Court need not permit a pro se plaintiff to endlessly move to amend his complaint in hopes of eventually stating some type of claim against someone. (*See* Doc. 25 at 3). Plaintiff initiated this lawsuit *more than six months ago* and has yet to come up with an amended complaint that conforms with Rule 8 or that includes sufficient factual detail to state a claim against any individual other than (at most) Defendant Blanton. Not only has Plaintiff failed to comply with the conditions set forth in the August 26, 2019 Order, but – as discussed below - his amended complaint fails to advance his case, because none of the allegations in the amended complaint are sufficient to state any new claims against any new party.

At this juncture, the undersigned has spent many hours deciphering a large number of procedurally improper and baseless motions, including more than seven motions seeking to revise or amend either the original complaint and/or the long-winded first amended complaint. After Defendant Blanton filed his answer, the Court entered a calendar order that set a discovery deadline of March 16, 2020, and a dispositive motion deadline of May 15, 2020. It is abundantly clear that continuing to permit Plaintiff to amend *at this time* to add new allegations, claims, and Defendants is highly prejudicial to the interests of the public and this Court, not to mention to the interests of the sole existing Defendant. *See In re Keithley Instruments, Inc., Derivative Litigation*, 599 F. Supp.2d 908, 916 (N.D. Ohio 2009) (striking claims filed in excess of the prior grant of leave to amend in order to further the interests of justice and avoid serious prejudice to the defendants); *Kanu v. Siemens PLM*, 2019 WL 1090398 at *2 (S.D. Ohio March 8, 2019) (holding that justice "does not require this Court to permit a pro se plaintiff unlimited

opportunities to amend his complaint, in hopes of eventually stating some claim."); *accord Russell v. Bailey*, 2011 WL 1337138 at *2 (S.D. Ohio Mar. 16, 2011) (denying amendment that would cause "an undue delay in the proceedings in light of plaintiff's apparent capability for endless amendments."); *Wortham v. Akron Public Schools*, 2008 WL 762530 at *2 (N.D. Ohio March 20, 2008) (dismissing amended complaint, holding that "this Court need not provide endless opportunities for [plaintiff] to get her complaint right."); *Xudong Snog v. Rom*, 2016 WL 11611439 at *3 (N.D. Ohio June 27, 2016) ("The Court will not permit a constant stream of amended complaints").

Undue delay and the repeated failure to cure deficiencies through prior motions to amend along with the continuing undue prejudice to the Defendant all provide grounds for the denial of further amendment. *See generally, Foman v, Davis*, 371 U.S. 178, 182 (1962). Therefore, in addition to striking the amended complaint that was filed on September 23, 2019, the undersigned recommends the denial of Plaintiff's "Rule 61" motion to further correct or amend his amended complaint at this time. <u>If and only if</u> discovery yields some evidence to support the filing of an additional Rule 15 motion should the Court entertain yet another motion to amend Plaintiff's complaint. In the separate order filed herewith, the undersigned sets forth the procedural requirements that Plaintiff will be required to comply with (at a minimum) in order for the Court to consider any future Rule 15 motion seeking leave to file an amended complaint.

### B. Alternative Dismissal Under 28 U.S.C. § 1915(e).

Should any reviewing court disagree with striking the amended complaint based upon Plaintiff's failure to comply with the procedural and substantive conditions set forth

in the August 26, 2019 Order, the undersigned alternatively would recommend dismissal of all but the Eighth Amendment claims against Defendant Blanton in the amended complaint for failure to state any claim.

### 1. Plaintiff's Failure to State New Claims Against New Defendants

For the reasons previously stated in the May 2019 R&R, Plaintiff's allegations fail to state any cognizable claim under the Americans With Disabilities Act or 42 U.S.C. §§ 1985 or 1986.  (*See* Doc. 4).   The new allegations against Defendants Tammia and Vaughn also fail to state any claim under 42 U.S.C. § 1983.   For example, Plaintiff alleges that he spoke to a mental health worker at the jail, who he identifies variously as "Tara Immele" or "Tara Tamila" or "Tara Tammia."   He accuses the mental health worker as committing "medical malpractice" by taking down his entire mental health history as well as his physical complaints, but then failing to provide adequate medical care. (Doc. 29 at 6, ¶26(A) and (B)).   Plaintiff also described a conversation he allegedly had on April 24, 2017:

> 27 A.   This same mental provider that I continued to see stated she had me on the list to be seen prior to already being on the list from before and that I had to just wait they only came once a month, the question is of procedure or a deliberate indifference on her part or was it not in her ability, since I had been on it from around 04/2/17 she had said I had been bumped up on the list.   Tara tamila.

(Doc. 29 at 6, ¶27).   Plaintiff accuses Tammia of failing "to do her job in every s[e]nse either by not trying to help, or not reporting in to her superiors of the seriousness of my condition this is Deliberate Indifference to medical care and Medical malpractice."   (*Id.* at 7, ¶27 C).   Plaintiff admits that he was advised to submit a medical slip when he needed care by unspecified individuals (including Defendant Tammia) but argues that

jail officials should instead have provided him "help and since its their job to research when a person tell's [sic] them of a serious medical care need this can only be a deliberate indifference to serious medical care." (*Id.* at ¶31).

Plaintiff's allegations against Vaughan are even less detailed. As to that individual, Plaintiff alleges that Mr. Vaughan "over saw my health, refused treatment." (Doc. 29 at 12,). However, the only factual detail offered is Plaintiff's allegation that Vaughan "would of personally viewed lines 52 L 1, 2, 3 and as well seen the signs and symptoms increase and without care and intentionaly over look signs that was his duty to see to. [sic]" (*Id.*, grammar and spelling original). To the extent this unauthorized amendment is considered, it appears that Plaintiff is attempting to hold Vaughan liable under a "*respondeat superior*" theory, which (as previously explained in the May 2019 R&R) is not cognizable under §1983. *See, e.g., Wingo v. Tennessee Dept. of Corr.*, 499 Fed. Appx. 453, 455 (6th Cir. 2012) (per curiam) (internal citation omitted).

The undersigned further recommends dismissal of all claims against "John or Jane Doe" Defendants for failure to state a claim. (*See* e.g., Doc. 29 at 3, ¶17, generally alleging "deliberate indifference to serious medical care" and "cruel and unusual punishment and failure to follow procedure" by unnamed medical staff and/or various "Unknown Defendants"). Plaintiff describes a gradual deterioration of his mental and physical condition, resulting in him hearing voices and having paranoia and "many other mental health issues." (Doc. 29 at 8, ¶ 38). He finds fault with unspecified individuals not giving him ice, for deciding to put him on suicide watch, and for failing to tell him that he had a concussion. (Doc. 29 at 8). Plaintiff repeatedly alleges that various unknown

individuals failed to provide him with adequate treatment that amounted to "medical malpractice." (*Id.* at 9). At the same time, Plaintiff inconsistently refers to numerous visits by medical personnel who evaluated him throughout his stay at the jail. On the whole, Plaintiff's allegations suggest no more than disagreement with the course of his medical treatment without sufficiently articulating any incident in which any identified individual exhibited deliberate indifference to a serious medical need rather than simply alleging "medical malpractice." As previously explained in the May 2019 R&R, a claim of medical negligence does not state a violation of the Eighth Amendment. (*See* Doc. 4 at 6, holding that "[i]n general "mere negligence in diagnosing or treating a prisoner's medical condition does not implicate Eighth Amendment concerns," internal citations omitted).

Although the August 2019 Order conditionally granted two motions to amend to add new claims against Defendants Curt New and Sheriff Jones, the proposed addition of those two Defendants was conditioned upon full screening under 28 U.S.C. §1915(e). Plaintiff's allegations against New are almost identical to his allegations against Tim Vaughan, and therefore suggest only "respondeat superior" liability which is insufficient to state a claim under the Eighth Amendment. (*See* Doc. 29 at 14). Plaintiff's allegations against Sheriff Jones suffer from the same defect. (*See generally* Doc. 29 at 15-16).

### 2. Defendant Blanton

In the original screening R&R, subsequently adopted as the opinion of the Court, the undersigned found the following allegations of the complaint to be sufficient to state

a "possible" Eighth Amendment claim only against Correctional Officer Blanton.

> Construing Plaintiff's allegations liberally, the undersigned concludes that the only possible claim against a potential Defendant, as identified within the body of the complaint, is Plaintiff's Eighth Amendment claim against Officer Blanton, who is one of only two individuals that Plaintiff identifies by name. (See Doc. 1-2 at 17, ¶¶ 29-31). Plaintiff appears to allege that, on an unspecified date, Blanton verbally threatened Plaintiff and then reacted to Plaintiff: 29. From [illegible] I know the [illegible] was [illegible]... I could only kick for a moment at time [illegible] of [illegible] I'd try to explain I'd say sorry and beg for help. 30. A few days later Officer Blanton told me if I did not stop he would beat my ass, and SRG Nurse said [illegible] I tried not to I just wanted help. 31. I kicked on the door Officer Blanton told me to sit down as always hands to side always relax when came in to be put in chair this time he charged me, pushing me up and slamming onto the ground. (Directly on [illegible] by shoulders lift me up, on the ground he slammed front of my head into floor several times [illegible] up Longworth was hurt by cuffs on hand and had to see paramedic, I remember them standing over me or something asked me what happen I said I guess I slipped and fell I now and know [illegible]. (Doc. 1-2 at 17, ¶31). Under the liberal pleading standards applied to pro se pleadings, as well as the extremely low threshold under 28 U.S.C. § 1915(e) that the Court uses to screen cases at this preliminary stage, the undersigned construes the referenced allegations as stating an Eighth Amendment claim involving the excessive use of force on an unknown date by Butler County Jail Correctional Officer Blanton.

(Doc. 4 at 7, citing complaint at 17, ¶31).

In his amended complaint, Plaintiff includes similar allegations, (*see* Doc. 29 at 17), but adds an allegation that on unspecified dates, Blanton placed Plaintiff in a restraint chair "for 14 days, 8 hours each day," and physically assaulted him in other ways. (Doc. 29 at 17; see also Doc. 29 at 11). However, in his recent "Rule 61" motion to further amend his complaint, Plaintiff states that the allegation contained in his amended complaint that Blanton "made plaintiff sit in a restraint chair for 14 days, 8 hours each day," is "NOT accurate nor fully true." (Doc. 31 at 1; *see also* Doc. 39 at 2). Despite this troubling admission of such a critical factual error concerning Plaintiff's allegations against Blanton,

the undersigned concludes that – at least under the very low bar of § 1915(e) and as liberally construed - Plaintiff's allegations state an Eighth Amendment claim against that Defendant alone.   Of course, the Court's conclusion that a claim survives on preliminary screening does not preclude the Defendant from filing a later motion to dismiss, if appropriate. And again, the undersigned's conclusion that the amended complaint is sufficient to state a claim against Defendant Blanton is made only in the alternative, with the primary recommendation being to strike the improper pleading based upon Plaintiff's failure to comply with the August 26, 2019 conditions for filing an amended complaint.

### C. Plaintiff's "Rule 61" Construed Motion to Amend

For the reasons discussed above, Plaintiff's Rule 61 motion, more properly construed as another motion to amend Plaintiff's complaint, should be denied.   In addition to being procedurally improper, the motion merely adds to the confusion and fails to clarify the nature of Plaintiff's only cognizable claim.

### D. Plaintiff's Motion to Toll the Statute of Limitations on All Claims

This motion also should be denied as procedurally improper and as premature.   If Defendant elects to raise a statute of limitations defense in a future dispositive motion, Plaintiff can present his tolling arguments at that time.

### III.    Conclusion and Recommendations

For the reasons stated, **IT IS RECOMMENDED THAT**:

1. The Amended Complaint filed on September 13, 2019 (Doc. 29) should be **STRICKEN** as improperly filed, with this case to proceed solely on the construed Eighth Amendment claims against Defendant Blanton as stated in Plaintiff's

original complaint;

2. Only if the presiding district judge declines the recommendation in paragraph 1, to strike the amended complaint from the record, does the undersigned <u>alternatively</u> recommend that all claims in the amended complaint be dismissed for failure to state a claim under 28 U.S.C. § 1915(e), except for the Eighth Amendment claim against Defendant Blanton;

3. Plaintiff's latest "Rule 61" motion seeking leave to amend (Doc. 31) should be **DENIED**;

4. Plaintiff's motion for "statute of limitations tolling" (Doc. 32) also should be **DENIED**.

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DONALD NEEDHAM

      Plaintiff,

          v.

BUTLER COUNTY JAIL, et al.,

      Defendants.

Case No. 1:19-cv-294

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.   That period may be extended further by the Court on timely motion by either side for an extension of time.   All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.   A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).