**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DONALD NEEDHAM

    Plaintiff,

v.

BUTLER COUNTY JAIL, et al.,

    Defendants.

Case No. 1:19-cv-294

Barrett, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

**I.  Background**

Pursuant to local practice, this pro se civil rights case, filed by a former prisoner challenging his prior conditions of confinement at the Butler County Jail, has been referred to the undersigned magistrate judge. By separate Report and Recommendation filed this day, the undersigned recommends striking an improvidently filed amended complaint and denying two of Plaintiff's dispositive motions. In this Order, the undersigned revokes Plaintiff's ecf/PACER privileges, denies two non-dispositive motions filed by Plaintiff, and provides clear limitations on Plaintiff's ability to file a future motion for leave to amend his complaint.

**II.  Discussion**

    **A. Revocation of Electronic Filing Privileges**

An August 26, 2019 Order granted "on a trial basis" Plaintiff's request to use the ecf (electronic case filing) and PACER (public access to court electronic records) systems, in order to file his motions and documents electronically. In granting electronic

1

filing privileges to Plaintiff, the Court strongly cautioned Plaintiff that his privileges would be revoked if he were unwilling or unable to comply with the rules of this Court:

> Two of Plaintiff's motions pertain to his request for electronic filing rights, a privilege occasionally granted by this Court to non-attorney pro se litigants. Plaintiff states that he has access to a PACER account and has the ability to comply with Local Rules and the format for the ECF system as set forth in the most current edition of the ECF Policies and 7 Procedures Manual. (Doc. 10). In a closely related motion, Plaintiff seeks to receive service exclusively by email through the electronic case filing system at the email address of PROPLANSELITE@gmail.com. (Doc. 11).
>
> Frankly, the undersigned is hesitant to grant Plaintiff ecf filing privileges in light of his conduct to date; specifically, the filing of so many procedurally improper or legally frivolous motions, as discussed above. Plaintiff also filed a frivolous and procedurally improper duplicative lawsuit. See Case No. 1:19-cv-368. Based on this litigation history, the Court will grant Plaintiff's motions on a trial basis only. The undersigned forewarns Plaintiff that the filing of additional procedurally improper or legally unsupported motions is highly likely to result in the swift revocation of privileges, and could result in additional sanctions should his motion practice be determined to be vexatious.

(Doc. 25 at 7).

Unfortunately, Plaintiff has continued to file procedurally improper and/or legally unsupported motions. Plaintiff also recently initiated two entirely new lawsuits which have been recommended for *sua sponte* dismissal for failure to state any claim. *See* Case Nos. 1:19-cv-861 and 1:19-cv-902. On October 8, 2019, the undersigned denied another improper motion to amend, and again "strongly cautioned [Plaintiff] that the filing of additional procedurally improper or legally unsupported motions is highly likely to result in the swift revocation of privileges, and could result in additional sanctions should his motion practice be determined to be vexatious." (Doc. 35).

Based upon Plaintiff's continued apparent unwillingness and/or inability to comply

with the clear instructions of this Court and applicable rules of civil procedure, the undersigned concludes that Plaintiff's electronic filing privileges should be revoked. As previously stated, the grant of electronic filing privileges is a privilege granted to pro se litigants in the discretion of this Court. The revocation of electronic filing privileges does not prohibit Plaintiff from filing any motions or documents on a manual basis.[1] In other words, the restriction to filing is solely as to electronic privileges at this time. However, should Plaintiff continue to inundate the Court with frivolous motions to the point of being vexatious, the Court may exercise its discretion to further restrict Plaintiff's filing privileges.

### B. Denial of Non-Dispositive Motions

On October 4, 2019, Plaintiff filed a motion seeking an extension of time in which to file an "affidavit of merit" – presumably to support a claim for medical negligence or "medical malpractice" against unspecified Defendants. (Doc. 33). Because no such claims have been permitted to proceed in this case, Plaintiff's motion will be denied as moot.

Plaintiff also has filed a motion seeking a "court order to obtain discovery." (Doc. 34). No court order is required to obtain discovery; rather, the Federal Rules of Civil Procedure provide the means for Plaintiff to obtain discovery directly from Defendant Blanton through properly served written discovery requests and/or through a properly noticed deposition. To the extent that Plaintiff's motion is construed as a motion to compel under Rule 37, Fed. R. Civ. P., the motion is both procedurally improper and premature. Under both the federal rule and the local corollary to that rule, a motion to compel discovery may be filed only after parties have conferred with each other and have

---

[1] Notably, notwithstanding Plaintiff's previously stated intention to file electronically should he be granted that privilege, the record reflects that Plaintiff has not filed anything electronically.

fully exhausted all extrajudicial means of resolving their discovery dispute prior to turning to the Court.

> **37.1 Consultation Among Counsel; Informal Discovery Dispute Conference**
>
> Objections, motions, applications, and requests relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. After extrajudicial means for the resolution of differences about discovery have been exhausted, in lieu of immediately filing a motion under Fed. R. Civ. P. 26 or 37 and S.D. Ohio Civ. R. 37.2, any party may first seek an informal telephone conference with the Judge assigned to supervise discovery in the case.

The undersigned's General Standing Order for civil cases, available on the Court's website, also requires litigants to exhaust all extrajudicial means of resolving discovery disputes before making any contact with the Court.

### C. The Filing of Legally Frivolous and Improper Motions and Cases

In this case, Plaintiff has been repeatedly warned against filing procedurally improper and legally frivolous motions. In addition, the undersigned magistrate judge and Magistrate Judge Litkovitz recently have recommended the *sua sponte* dismissal of three other cases filed by Plaintiff under 28 U.S.C. § 1915(e). While the Court interprets pro se pleadings liberally and understands that Plaintiff appears to suffer from a variety of mental and physical impairments, the burden on judicial resources required to address multiple procedurally improper and legally unfounded motions is significant. For that reason and for the reasons stated in the R&R accompanying this Order, the Court finds it necessary to restrict the further filing of motions to amend Plaintiff's complaint at this time. Plaintiff also is again cautioned to carefully review and comply to the best of his abilities with the Federal Rules of Civil Procedure and with the Local Rules of Civil Procedure before filing

<u>any</u> future motions or other documents with this Court, lest his filing privileges be further restricted or other sanctions imposed.

### III. Conclusion and Order

Accordingly, **IT IS ORDERED**:

1. The Clerk of Court may no longer accept electronically filed documents from Plaintiff as his ecf/PACER electronic filing privileges are hereby **REVOKED**. Although Plaintiff may no longer file any document electronically, he remains unrestricted at this time from manually filing documents, except for motions seeking leave to further amend his complaint;

2. Plaintiff shall not file any additional motions seeking leave to amend his complaint under Rule 15 *at this time*, but may file **one** additional motion seeking leave to amend **not earlier than January 2, 2020 nor later than March 15, 2020** subject to the following additional restrictions:

    a. No such motion may be filed unless after appropriate discovery, Plaintiff has evidentiary support for factual contentions that would state a legally supported claim under Rule 11, Fed. R. Civ. P.

    b. Any future Rule 15 motion seeking leave to amend must comply with <u>all</u> procedural requirements, including the attachment of a copy of the proposed amended complaint;

    c. Any future Rule 15 motion must be filed on the same complaint form originally used by Plaintiff, must include sequentially numbered paragraphs, and must conform with Rule 8 and all applicable rules of civil

procedure;

    d. The stated conditions must be met for the filing of a future Rule 15 motion but are not intended to express any judgment or ruling on any such future motion;

    e. Plaintiff's failure to comply with any of the above conditions will be grounds for summary denial of any future Rule 15 motion seeking leave to further amend his complaint;

3. Plaintiff's motion for an extension of time and motion for discovery (Docs. 33, 34) are **DENIED** for the reasons stated;

4. For a final time, Plaintiff is strongly cautioned that the filing of additional procedurally improper or legally unsupported motions and/or cases could result in additional restrictions or sanctions.

                                                *s/ Stephanie K. Bowman*
                                                Stephanie K. Bowman
                                                United States Magistrate Judge