UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD NEEDHAM,

    Plaintiff

v.

BUTLER COUNTY JAIL, et al.,

    Defendants.

Case No. 1:19-cv-294

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Pursuant to local practice, this *pro se* civil rights case, filed by a former prisoner challenging his prior conditions of confinement at the Butler County Jail, has been referred to the undersigned magistrate judge. Defendant Correctional Officer Blanton's motion to dismiss is now before the undersigned for review. For the reasons that follow, the undersigned recommends granting Defendant's motion.

**I.    Procedural Background**

Plaintiff initiated this lawsuit against Butler County Jail on April 23, 2019. He was granted leave to proceed *in forma pauperis* on May 9, 2019. In a Report and Recommendation ("R&R") filed on May 9, 2019 and adopted on June 4, 2019, the undersigned recommended the dismissal of the only defendant initially identified by Plaintiff, the Butler County Jail. (*See* Docs. 4, 6). Based on the dismissal of the sole defendant, this Court could have dismissed the initial complaint in its entirety. Instead, however, the undersigned liberally construed Plaintiff's allegations to assert a claim against what the Court described as a "potential" additional defendant, Butler County Jail

Correctional Officer Blanton, for the excessive use of force on an unknown date during Plaintiff's incarceration. (Doc 4 at 4-5). Thereafter, Defendant Blanton filed an answer, and the Court entered a Calendar Order. (Docs. 22, 23).

From the outset of this litigation, Plaintiff inundated the Court with procedurally improper and legally frivolous motions. Plaintiff was repeatedly warned against such practice. (*See* Doc. 25 at 4-5, "Plaintiff is forewarned that his pro se status and professed health conditions do not relieve him of his obligation to fully comply with applicable rules of civil procedure and with the Orders of this Court, including scheduling deadlines"; Doc 35 at 5-6, "Plaintiff is again strongly cautioned that the filing of additional procedurally improper or legally unsupported motions is highly likely to result in the swift revocation of privileges, and could result in additional sanctions should his motion practice be determined to be vexatious"; Doc 42 at 4-5, "Plaintiff is again cautioned to carefully review and comply to the best of his abilities with the Federal Rules of Civil Procedure and with the Local Rules of Civil Procedure before filing any future motions or other documents with this Court…"). Eventually, Plaintiff's ability to use the cm/ecf system was revoked. (Doc. 42). Following that Order, Plaintiff ceased his onslaught of frivolous motions, with his last "motion for hearing" filed on December 6, 2019. (*See* Doc. 45 and Doc. 47, denying the motion as "legally frivolous.").

Notwithstanding his active motion practice prior to the revocation of his electronic filing privileges, Plaintiff has failed to participate in discovery. Defendant served Plaintiff with written discovery requests on February 11, 2020. (Doc. 46). On March 17, 2020, the undersigned granted Defendant's motion to extend court deadlines based upon Plaintiff's failure to respond to those requests. (Doc. 48). When Plaintiff continued to

ignore Defendant's requests, the undersigned entered an Order granting Defendant's motion to compel discovery. (Docs. 49, 50).[1]

After Plaintiff ignored the Court's Order, on July 14, 2020, Defendant moved to dismiss. (Doc. 51). When Plaintiff filed no timely response,[2] the Court ordered him to "show cause" by September 4, 2020 why the Defendant's motion should not be construed as unopposed and granted for the reasons stated. (Doc. 54). On September 2, 2020, Plaintiff filed a response to the "show cause" Order that requested additional time. The response included a letter from his social worker concerning Plaintiff's mental limitations. (Doc. 55). On the basis of that letter, the Court granted Plaintiff an additional 45-day extension to respond to the Defendant's motion to dismiss. However, given that the motion to dismiss had been pending since July and Plaintiff has continued to ignore Defendant's discovery requests, the Court issued the following clear warning:

> Plaintiff is hereby granted a **final** forty-five (45) day extension of time, through and including **October 19, 2020**, in which to file his response to Defendant's Motion to Dismiss (doc. 51). **No further extensions of time will be granted.** Failure to file a response by the October 19, 2020 deadline will result in the undersigned issuing a Report and Recommendation to the presiding judge recommending that Defendant's motion to dismiss be granted.

(Doc. 56 at 2).

---

[1] The undersigned previously ordered Plaintiff to inform the Court of any changes to his contact information during the pendency of this lawsuit, including his telephone number. (*See* Doc. 25 at 8). When defense counsel tried to contact Plaintiff at the phone number provided, another individual returned the call and stated that they did not know Plaintiff but had previously received calls at the same number for him. Therefore, the Order granting Defendant's motion to compel discovery, reminded Plaintiff of his obligations to keep his address updated and directed him to correct his telephone number in writing on or before June 30, 2020.

[2] On August 3, 2020, Plaintiff filed a "Notice for the court of record" which alludes to the Defendant's motion to dismiss, argues that "harassment lies for plaintiff excused on prior court responses," and refers to some sort of protection against harassment. (Doc. 52). The Notice is rambling and difficult to follow, but does not respond directly to the motion to dismiss or to any discovery requests.

**II.     Analysis**

As noted, this Court previously granted Defendant's well-supported motion to compel Plaintiff to respond to the outstanding discovery requests by June 30, 2020. (Doc. 50).  At the same time, the Court denied Defendant's request for a monetary award of its costs and fees, citing "Plaintiff's indigent status in this Court" and the "remote" likelihood that Defendant would be able to collect on any monetary sanction. (*Id.* at 4).  In lieu of a monetary sanction under Rule 37, Fed. R. Civ. P., the Court "formally admonished [Plaintiff] that the Court will not tolerate any further failure to participate in the discovery process." (*Id.*)  The Order further explained to Plaintiff that if he disregarded the Court's Order compelling him to participate in discovery, he risked dismissal of his case under either Rule 37 or Rule 41 of the Federal Rules of Civil Procedure.

> [I]t is within the Court's discretion to dismiss this action under Rule 37 and/or for failure to comply with court orders. Plaintiff has continuously been warned of his responsibility to adhere to the Orders of this Court and of his obligation to comply with local and federal procedural rules.  He is being formally admonished again in  this Order.  While *pro se* plaintiffs are afforded "some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). The Sixth Circuit has upheld dismissals of claims where *pro se* plaintiffs have failed to adhere to court-mandated deadlines. *Id.*
>
> Additionally, Plaintiff's continued failure to participate in the discovery process may result in the dismissal of this action for failure to prosecute under Fed. R. Civ. P. 41. *Link v. Wabash R. Co.,* 370 U.S. 626, 630-632 (1962). The Court can utilize this power "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-630. Dismissal for failure to prosecute is "a harsh sanction" and should "only be used in extreme situations where a plaintiff has engaged in 'a clear pattern of delay or contumacious conduct.'" *Holt v. Pitts*, 619 F.2d 558, 562 (6th Cir. 1980). Although this sanction is not yet warranted, Plaintiff is put on notice that his continued failure to respond to legitimate discovery requests or the orders of this Court may result in dismissal for failure to prosecute.

(Doc. 50 at 4-5). The Order repeated its formal warning with appropriate emphasis: "Plaintiff is **WARNED AND ADMONISHED** that <u>any additional failure to comply with this Order or to respond to properly served discovery requests is highly likely to result in additional sanctions, up to and including dismissal of this case.</u>" (*Id.* at 5, emphasis original).

> Rule 41(b), Fed. R. Civ. P., states:
>
> **(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

*Id.* In considering whether dismissal under Rule 41 is appropriate, trial courts must consider: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001) (internal citations omitted).

At this juncture, all four factors favor dismissal of this case. Defendant has been prejudiced by the inability to obtain basic discovery, in order to move this case forward. Plaintiff does not deny receipt of the motion or of the prior discovery requests; therefore, his failure to respond is deemed to be willful. Plaintiff has been repeatedly warned that dismissal would be recommended should he persist in failing to respond to the outstanding discovery and the pending motion. Lesser sanctions have been considered

5

and tried, including a formal admonishment. No sanction short of dismissal is likely to be effective.

In addition to dismissal for failure to prosecute under Rule 41, dismissal is recommended under Rule 37(b)(1)(A), which provides, in relevant part:

> If a party…fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> **. . . .**
> (v) dismissing the action or proceeding in whole or in part;

*Id.* The same factors applicable to dismissal under Rule 41 are applicable to the consideration of dismissal as a sanction under Rule 37. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997) (quoting *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-155 (6th Cir. 1988)).

### III.     Conclusion and Recommendation

For the reasons stated above, **IT IS RECOMMENDED THAT** Defendant's motion to dismiss (Doc. 51) be **GRANTED** and that this case be dismissed with prejudice and stricken from the docket.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD NEEDHAM,

    Plaintiff

Case No. 1:19-cv-294

Barrett, J.
Bowman, M.J.

  v.

BUTLER COUNTY JAIL, et al.,

    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).